# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FUCCI, | 1:10-cv-00315-AWI-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KEN CLARK, | [Doc. 11] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the instant petition, Petitioner challenges the Board of Parole Hearings' (Board) 2008 denial of parole. On May 27, 2010, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. Petitioner filed an opposition on June 25, 2010, and Respondent filed a reply on June 28, 2010.

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent has filed a motion to dismiss for failure to state a cognizable claim and for failure to exhaust the state court remedies. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.    Failure to State Cognizable Claim

Respondent argues that Petitioner's challenge to the Board's 2008 hearing is based solely on state law which is not cognizable under § 2254. More specifically, Respondent claims that "Hayward appears to instruct federal courts to up-end AEDPA's standards by regarding California law as clearly established federal law: 'courts . . .need only decide whether the California judicial decision approving [a] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement. . . . Interpreting this statement as requiring federal court[s] to evaluate how the state courts applied the state some-evidence standard is, however, contrary not only to the plain language of AEDPA, inconsistent with but Hayward's own holdings and analysis and irreconcilable with the well-established principle that federal habeas relief is not available on the basis of state law errors." (Motion, at 5-6.) Petitioner opposes Respondent's argument that his claims arise solely under state law. Respondent's motion to dismiss is not well-received.

In Hayward v. Marshall, issued prior to the filing of the instant motion to dismiss, the Ninth Circuit specifically found that although there is no independent right to parole under the United States Constitution, the right exists and is created by California's statutory parole scheme and is subject to review under 28 U.S.C. § 2254. Hayward v. Marshall, 603 F.3d 546, 559, 561

(9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987). On May 24, 2010, the Ninth Circuit further clarified its decision in Hayward, stating the following:

> Through its state statutory and constitutional law, California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness. Hayward, slip op. at 6327-30 (discussing, *inter alia*, In re Lawrence, 190 F.3d 535 (Cal.2008); In re Shaputis, 190 F.3d 573 (Cal.2008); and In re Rosenkrantz, 59 F.3d 174 (Cal.2002). California law gives rise to a liberty interest on the part of its prisoners covered by its parole system. Having guaranteed the prisoners of the state that they will not be denied a parole release date absent 'some evidence' of current dangerousness, California is not permitted under the federal Constitution arbitrarily to disregard the 'some evidence' requirement in any particular case. It is therefore our obligation, as we held in Hayward, to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness. Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'' Hayward, slip op. at 6330 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

Pearson v. Muntz, No. 08-55728, 2010 WL 2108964 *4 (9th Cir. May 24, 2010) (per curiam) (footnote omitted); see also Cooke v. Solis, No. 06-15444, 2010 WL 2330283 *6 (9th Cir. June 4, 2010) (acknowledging that in Hayward v. Marshall, it was "held that due process challenges to California courts' application of the 'some evidence' requirement are cognizable on federal habeas review under AEDPA.")

Thus, a plain reading of Hayward, and its progeny, directly contradicts Respondent's argument set forth in the motion to dismiss, and the Court finds the motion to be border line frivolous and subject to future sanctions under Rule 11.[1] Therefore, based on the clear and current Ninth Circuit authority that completely negates Respondent's argument, the instant motion to dismiss the petition for failure to state a cognizable claim should be denied.

---

[1] Rule 11 subsection (b) of the Federal Rules of Civil Procedure specifically states:

(b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . . . . . . .. . . . . . .. . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

C.      Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

1  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States
2  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In addition to other claims, Petitioner alleges that his rights under the Eighth Amendment were violated because he was denied parole based on his status as a drug addict, and that the Board's regulations are unconstitutionally vague and overbroad as written and as applied to him. However, Respondent argues that these claims are not exhausted because they were not submitted in his petition for review to the California Supreme Court. Respondent is correct. Because Petitioner did not present these claims to the California Supreme Court for review, they are unexhausted and subject to dismissal. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Rose, 455

1  U.S. at 521-22.  However, Petitioner will be provided with an opportunity to withdraw the
2  unexhausted claims and go forward with the exhausted claims.

3                                              RECOMMENDATION

4      Based on the foregoing, it is HEREBY RECOMMENDED that:

5      1.   Respondent's motion to dismiss the instant petition for failure to state a
6           cognizable claim be DENIED;

7      2.   Respondent's motion to dismiss the unexhausted claims be GRANTED

8      2.   Within thirty (30) days from the date of a final order adopting the instant
9           recommendation, Petitioner be directed to inform the Court whether he intends to
10          dismiss the unexhausted claims only or dismiss the entire petition without
11          prejudice; and

12     3.   If Petitioner elects to dismiss the unexhausted claims only, Respondent be
13          directed to file an answer to the exhausted claims.

14     This Findings and Recommendation is submitted to the assigned United States District
15 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
16 Local Rules of Practice for the United States District Court, Eastern District of California.
17 Within thirty (30) days after being served with a copy, any party may file written objections with
18 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
19 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
20 and filed within fourteen (14) days after service of the objections.  The Court will then review the
21 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
22 failure to file objections within the specified time may waive the right to appeal the District
23 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26 IT IS SO ORDERED.

27 **Dated:   June 30, 2010**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE
28